UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOUVETTE D. BLAND, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25CV533 HEA |
| | ) |
| MERCY HOSPITAL, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on, Plaintiff's Motion for Default Judgment, [Doc. No. 12]. Defendant has not responded to the Motion. For the reasons set forth below, the Motion will be granted.

### Facts and Background

Plaintiff filed her *pro se* Complaint on April 16, 2025 alleging she was discriminated in her employment with Defendant based on her race and age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., respectively.

Defendant was served with the Complaint on May 15, 2025. Defendant did not respond to the summons and on July 30, 2025, Plaintiff filed a Motion for

Entry of Clerk's Default. The Clerk of Court's Enty of Default was entered on August 8, 2025.

On August 21, 2025, Plaintiff filed her Motion for Default Judgment. A hearing on this motion was held on October 30, 2025. Defendant did not appear at this hearing.

## Discussion

The pursuit of a default judgment under Rule 55 involves "a two-step process." *United States v. Yennie*, 585 F. Supp. 3d 1194, 1198 (D. Minn. 2022); accord *Helena Agri-Enters., LLC v. Lewis*, No. 4:24-cv-00544-LPR, 2025 WL 636434, *1 (E.D. Ark. Feb. 27, 2025). In this case, as mentioned, the Clerk entered a default against Defendant under Rule 55(a), thereby "completing the first step" toward a potential default judgment. *Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003). The question now is whether this Court "should ... take the second step ... by entering default judgment" against Defendant on Plaintiff's motion under Rule 55(b)(2). *Id*. at 1003–04.

"Default judgments, however, are not favored by the law," *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)—and " 'should be a rare judicial act," *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting In re *Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995))—given the " 'judicial preference for adjudication on the merits,' " *Johnson v. Dayton Elec. Mfg. Co*., 140

F.3d 781, 784 (8th Cir. 1998) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)). The entry of default thus "raises no protectable expectation that a default judgment will follow," *Johnson*, 140 F.3d at 785, and whether it does or not is a decision "committed to the sound discretion of the district court." *Harre*, 983 F.2d at 130 (citing F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)); see *Wright v. Smith*, No. 4:21-cv-00536-BSM-JTK, 2022 WL 17656445, *5 (E.D. Ark. Nov. 23, 2022) (M.J. Rec.) ("the Court has broad discretion in determining the circumstances under which a default judgment should enter"), adopted, 2022 WL 17629798 (E.D. Ark. Dec. 13, 2022). The court may consider "various factors" when determining whether to enter a default judgment, including:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt*, 786 F.3d at 661 (citation omitted). Defendant has completely neglected to respond in any way to Plaintiff's action, despite service of process and the entry of the Clerk's default. Plaintiff has remained diligent in her case and has taken all the necessary steps to pursue her action. The Court concludes, based on the record and the hearing that Plaintiff is entitled to default judgment.

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff is awarded $125,000.00 damages.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 16th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE